IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

EDGAR COUNTY WATCHDOGS, INC.,  )
KIRK ALLEN, JOHN KRAFT, AND     )
ALYSSIA BENFORD ,                 )
                                 )
        PLAINTIFFS,       ) CASE # 25-10945
V.                               )
BONNIE KUROWSKI,        )
                                 )
        DEFENDANT.      )

## **COMPLAINT TO ENFORCE SETTLEMENT AGREEMENT**

NOW COME Plaintiffs, Edgar County Watchdogs, Inc., Kirk Allen, John Kraft, & Alyssia Benford by and through Robert T. Hanlon, of Netzky Olswang & Hanlon, LLC, with its Complaint to enforce the terms of a settlement agreement which has been entered into between Plaintiffs, Edgar County Watchdogs, Inc, Kirk Allen, John Kraft, & Allysia Benford and Defendant, Bonnie Kurowski. In support thereof, Plaintiffs state as follows:

Parties:

1. Plaintiff Allysia Benford is a citizen of Illinois and resides in the Northern District of Illinois.

2. Plaintiff Kirk Allen is a citizen of the State of Illinois.

3. Plaintiff, John Kraft, is a citizen of the State of Illinois.

4. Plaintiff Edgar County Watchdogs, Inc is an Illinois corporation having its headquarters in Illinois.

5. Defendant is a citizen of the State of Florida and resides at 3033 Santa maria Avenue, Clearmont, Florida.

1

**Jurisdiction and Venue**

6.      Federal diversity jurisdiction exists pursuant to 28 U.S.C. §1332. Plaintiffs are all citizens of Illinois and Defendant is a citizen of the State of Florida. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

7.      Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. §1391 because one of the plaintiffs is situated herein in this district and because Defendant purposefully availed herself of the powers of this court in Case 21-cv-4362 and substantial part of the events or omissions on which the claims asserted herein are based upon or occurred in this District including the formation of the settlement agreement.

**Short Statement of the Case**

8.      Plaintiffs seek to enforce the terms of a settlement agreement's liquidated damage provision for the various breaches of contract in this single count breach of contract case.

9.      Plaintiff's originally filed suit against Defendant, Bonnie Kurowski and several entities which she owned in the Middle District of Florida.  While evading service for months on end, Plaintiff came into the Northern District of Illinois and initiated suit against Plaintiffs in case 21-cv-4362.  That matter was dismissed. However, Plaintiffs entered into a settlement agreement with Bonnie Kurowski which included the conveyances of title of various web pages of Defendant that had posted maliciously false statements concerning Plaintiffs.

10.      In order to induce Plaintiffs to settle Plaintiffs' claims in the Florida Court, Defendant issued an apology letter and executed a settlement agreement.

11.      The Settlement Agreement was finalized in a written document entitled Settlement Agreement and General Release, (hereinafter "Settlement Agreement").  Based on the mutual

2

covenants and promises contained therein the Florida case was dismissed. Between the time that the settlement agreement was arrived at and dismissal of the Florida case, Plaintiffs' counsel was appointed State's Attorney and withdrew. When prior Defense counsel caused to be filed the dismissal order, the Florida Court did not retain jurisdiction over the settling defendant. A true and accurate copy of the settlement agreement is attached hereto and incorporated herein as Exhibit A.

12.     Contained in the Settlement Agreement was the following language in paragraph 8:

> As a material term of this Agreement, Kurowski agrees that she will not publish any statement concerning the Plaintiffs or any commentary concerning this Agreement after the date of this Agreement. Kurowski further agrees that she will not circumvent the terms of this Agreement by using agents or third parties to make any statements prohibited by this Agreement. In furtherance of this paragraph, Kurowski agrees that she will not create any new web pages or create any electronic medium or communication where the content concerns any of the Plaintiffs. This agreement and this covenant shall survive the dismissal of the above-captioned litigation.

13. On Multiple occasions, as set forth hereinafter, Defendant violated the terms of the Settlement Agreement.

14. The Settlement Agreement also contained a liquidated damages provision which provides as follows:

Liquidated Damages for non-performance. KUROWSKI agrees that, in the event of a breach of this Agreement by KUROWSKI, the specific money damages would be impossible to determine or would otherwise be difficult to ascertain, Accordingly, KUROWSKI agrees to pay as liquidated damages, to each plaintiff affected by the breach, the sum of $50,000.00 per occurrence. In addition to the liquidated damages provided for under this Agreement, any Plaintiff affected or subsequently mentioned in violation of this agreement by KUROWSKI's breach shall be entitled to collect his, her or its reasonable attorney fees and expenses incurred in litigating such a claim. This liquidated damage clause is specifically designed to compensate Plaintiffs for KUROWSKI's intentional willful torts against Plaintiffs as well as facilitating the objective of this Agreement. This liquidated damage clause of this Agreement is exempt from discharge pursuant to Section 523 of the United States Bankruptcy Code for the reasons set forth herein. Likewise, KUROWSKI agrees irrevocably to any petition of Allen, Benford, Kraft or ECW for relief from any automatic stay from any subsequent bankruptcy filing for the purpose of enforcing this liquidated damage provision. KUROWSKI agrees that the liquidated damages provision of

3

this agreement is directly causally related to her intentional, willful conduct that has caused Plaintiffs an actual injury.

3.     Breaches of the Settlement Agreement. Defendant, Bonnie Kurowski, violated the Settlement Agreement by publishing statements concerning Plaintiffs, identifies Plaintiffs and Edgar County Watchdogs, Inc., web pages in on line publications and videos published on line all in a defamatory context.

4.     Undeterred by the expense of non-compliance with her contractual obligations, Defendant, Bonnie Kurowski, published a book entitled "I Declared the Shadow War was Over", made statements concerning the plaintiffs seven (7)[1] times including but not limited to the following:

> "John Kraft and Kirk Allen, Edgar County Watchdogs, American Watchdogs, Edgar IL, Koch affiliate paid to conduct seminars and instruct on Government overthrow, participate in the overthrow, file lawsuits as a strategy, to forcefully get Koch funded candidates in positions. False light and financial, emotional harm, to journalists who were whistle blowers by launching every area of attack to silence them. Has impacted over 20 elections in IL by force and PsyOps, overthrowing one or more by full infiltration and forcing an elected official phicallly out of office, rekeying doors, planting cameras, etc."

> "Key Players Robert Hanlon, Denise Ambrosiak, Koch, Cynthia Brzana, Becky Becker, Sheri Grimmenga, Teresa Bhoj, Tish Hogan, Melissa Boatman, Alyssia Benford, Cornell Darden, John Kraft, Kirk Allen."

> "Working in tandem with clients known for running political disinformation pages— such as *Edgar County Watchdogs* and associated Facebook pages like **"Citizens for a Better Bolingbrook"**—Hanlon enabled public legal threats to be reinforced with **online reputational attacks**."

> "John Kraft and Kirk Allen, Edgar County Watchdogs, American Watchdogs, Edgar IL, Koch affiliate paid to conduct seminars and instruct on Government overthrow,…"

5.    In addition to the above violations Bonnie Kurowski has violated the express terms of the settlement agreement on nine other occasions. In total, Kurowski has made 1 statement

---

[1] Ms. Kurowski makes 39 separate false statements concerning Plaintiffs counsel, Attorney Robert Hanlon.

4

associated with Alyssia Benford; Kurowski has made 5 statements associated with John Kraft; Kurowski has made 3 statements associated with Kirk Allen; Kurowski has made 7 statements associated with Edgar County Watchdogs, Inc.

6. Kurowski is not now a debtor in bankruptcy. Prior to the filing of this Complaint, Bonnie Kurowski sought Bankruptcy relief for the fourth time before the United States Bankruptcy Court for the Middle District of Florida, Case number 6:23-bk-03069-LVV. It was during the pendency of her bankruptcy case that Bonnie Kurowski elected to violate the terms of the Settlement Agreement. However, on July 1, 2025, the United States Bankruptcy Court dismissed the bankruptcy case for failing to make payments allowing her leave to file a petition to vacate if filed within 15 days. Absent such a filing, the dismissal order became final on July 16, 2025 ending the automatic stay. As such, Bonnie Kurowski is no longer a bankruptcy debtor and no active case exists with an applicable automatic stay.

Wherefore, Plaintiffs pray that this honorable court grant the following relief:

 A. Set this matter over for prove-up of said violations; and

 B. Enter Judgement against Bonnie Kurowski in the amount of $50,000 in favor of Alyssia Benford;

 C. Enter Judgement against Bonnie Kurowski in the amount of $250,000 in favor of John Kraft;

 D. Enter Judgement against Bonnie Kurowski in the amount of $150,000 in favor of Kirk Allen;

 E. Enter Judgement against Bonnie Kurowski in the amount of $350,000 in favor of Edgar County Watchdogs, Inc.

 F. For Costs and Attorney Fees pursuant to the terms of paragraph 10 of the Settlement agreement. Respectfully submitted

/s/Robert T. Hanlon

Attorney for Plaintiffs

Robert T. Hanlon
ILARDC #6286331
Netzky Olswang Hanlon LLC
8605 West Bryn Mawr Avenue Suite 309(b)
Chicago, Illinois 60631
312-622-7325

# Exhibit A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into on this ___ day of February 2023 (the "Effective Date"), by and among Plaintiffs, Edgar County Watchdogs, Inc. ("ECW"), Kirk Allen ("Allen"), John Kraft ("Kraft"), and Alyssia Benford ("Benford"); (collectively ECW, Allen, Kraft and Benford are referenced collectively as "Plaintiffs"), and Defendant, Bonnie Kurowski ("KUROWSKI"). (Plaintiffs and the KUROWSKI are sometimes collectively referred to herein as the "Parties").

## RECITALS

**WHEREAS**:

A.      On June 2, 2021 the Plaintiffs filed a complaint against Bonnie Kurowski in the United States District Court for the Middle District of Florida, Ocala Division in the action titled *ECW, et al vs. Bonnie Kurowski*, et al, Case No. 5:21-cv-00302-PGB-PRL (the "Litigation") and the complaint was amended thereafter. The claims in the operative complaint in the litigation contains various counts including Counts I & II by Kraft, Counts III and IV by Allen, Counts V & VI by Benford, and Counts VII and VIII by ECW. Each count is against KUROWSKI, with each respective Plaintiff having counts sounding in libel and defamation by implication.  These foregoing claims or causes of action are referred to as the "Covered Claims" which are fully and finally resolved and released by the Plaintiffs by and under the terms of this Agreement.

B.      On May 16, 2022 KUROWSKI filed an Answer (Docket #52) to the Third Amended Complaint (Docket #49). In the answer filed with the court by Kurowski, she asserted affirmative defenses of Truth, No Defamatory Statements, Qualified Privilege, Reporter's Privilege, No Malice, No Reckless Conduct, and Fair Comment.  Plaintiffs dispute the legal sufficiency of those defenses and the parties agree Plaintiffs would prevail at trial over these defenses.

C.      The respective parties endeavored to settle and compromise this dispute  and this Agreement is the product of those settlement discussions related to the tortious conduct of KUROWSKI.  All parties are represented by counsel in the negotiation and creation of this Agreement and both counsel have contributed to the drafting of this Agreement. Plaintiffs, ECW, Allen, Benford, and Kraft are represented by Attorney Robert T. Hanlon of Woodstock, Illinois and Defendant KUROWSKI is represented by Gary Edinger, of Gainesville Florida.

D.      KUROWSKI acknowledges that if the above-captioned case were to go to trial, Plaintiffs could and would prove the allegations of the Complaint and that the obligations arising under this Agreement are a direct result of KUROWSKI's intentional tortious conduct against the Plaintiffs and each of them.  KUROWSKI has further agreed that she understands that, should she breach the provisions of this Agreement with respect to future publications, the liquidated damage clause herein is specifically designed to compensate Plaintiffs for KUROWSKI's intentional willful torts against them. KUROWSKI understands and agrees that the liquidated damage clause of this Agreement, and any other provision providing for a monetary recovery against KUROWSKI is exempt from discharge pursuant to Section 523 of the United States Bankruptcy

1

Initials _____ (BK)

Code and that the amount in the liquidated damage provision is not punitive and designed to reflect the Plaintiffs' actual losses should there be a breach of this Agreement by KUROWSKI.

G.     Plaintiffs and KUROWSKI desire to affect a full and final settlement and compromise of all claims, defenses and issues raised or which could have been raised in the Litigation, including any Covered Claims .The Plaintiffs and Defendants wish to enter into this Agreement simply to avoid the further delay, inconvenience, and expense of ongoing protracted efforts in the Litigation.

H.     KUROWSKI has purchased internet domains with the following names: "edgarcountywatchdog.com" "bolingbrookreporter" "fightforIL.com" "macombreporter.com", "illinoisreporter.org"            "willcountyreporter.com"            "lakecountyreporter.com" "McHenryreporter.com",          "kanecountyreporter,org."          "winnebagoreporter.com" "mcdonoughreporter.com" (collectively KUROWSKI's Web Pages). KUROWSKI also created Facebook pages or groups entitled "Macomb Reporter" " "Illinois Reporter" "Will County Reporter" "Cook County Reporter" "Cook County Reporter, IL" "Fight for Illinois" "Illinois Reporter" "Florida Reporter" "McHenry County Reporter" "Kane County Reporter" and "Winnebago County Reporter", (Collectively "Kurowski's Reporter Facebook Pages") .

I.     KUROWSKI admits and acknowledges that none of the Plaintiffs has ever been the target of any racketeering investigation by any law enforcement agency of any town, city, state or any agency of the United States government. KUROWSKI further admits and acknowledges that none of the Plaintiffs in the Litigation has ever been convicted of a crime characterized as either a felony or a crime involving dishonesty.   KUROWSKI further admits and acknowledges that she had no basis whatsoever to state that any of the Plaintiffs, or attorneys Robert T. Hanlon or Denise Ambroziak, were engaged in adultery, that her statements along these lines were false and knowingly made to harm Plaintiffs and each of their reputations as well as Plaintiffs relationships with Attorney Hanlon and Attorney Ambroziak.  KUROWSKI admits that none of the Plaintiffs have engaged in any act to stalk her or otherwise place her under surveillance of any kind. KUROWSKI further admits and acknowledges that Allen and Kraft were not ever part of the "Proud Boys" and had no participation whatsoever in the January 6, 2021 incident at the United States Capitol building, also known as the "January 6 insurgency", "DC Siege" or "January 6 insurrection".  KUROWSKI admits that each of her statements alleging that any of the Plaintiffs were part of a terrorist organization were untrue and that none of the Plaintiffs have ever been involved in any act of terrorism of any kind.

J.     KUROWSKI made numerous false statements concerning Kirk Allen, Alyssia Benford and John Kraft related to Calumet City including but not limited to the forceful entering of government offices and the unlawful removal of documents.

**NOW THEREFORE**, in consideration of and in reliance on the mutual promises contained herein and of the further consideration set forth below, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:



Initials _____ . (BK)

2

**Terms and Conditions**

1.      <u>Incorporation of Recitals</u>. The Parties agree that the recitals set forth hereinabove are true and accurate and that they constitute material terms of this Agreement and are incorporated into this Agreement.

2.      <u>Apology</u>. Contemporaneous with the execution of this Agreement, KUROWSKI shall tender a written apology to the Plaintiffs in the form attached as Exhibit "A" to this Agreement. The apology shall be e-mailed to Plaintiff's counsel [Robert@robhanlonlaw.com] and an original "ink-signed" apology shall be sent by U.S. mail to Plaintiff's counsel [131 East Calhoun, Woodstock, Illinois 60098].

Plaintiffs shall be entitled to publish, release, post and disseminate the apology and this Agreement through any means or medium of their choosing, and to any person.

3.      <u>Agreement to Assign Web Pages and Facebook Pages.</u> As material consideration of this Agreement, KUROWSKI shall within ten (10) days take all steps to assign and transfer all right title and interest in KUROWSKI's Web Pages and Kurowski's Reporter Facebook Pages to Plaintiffs, including the access codes, passwords in connection with these sites and pages to ECW, Allen, Benford, and Kraft as directed by any of the Plaintiffs. The conveyance will include the domain name and access to the websites, but shall not include the content of the websites created prior to the Effective Date which shall remain the property of KUROWSKI. KUROWSKI shall have the right to scrub the websites of any content belonging to her, but shall not be obligated to do so, except with respect to any content naming or concerning the Plaintiffs, which information shall be permanently deleted from KUROWSKI's Web Pages and Kurowski's Reporter Facebook Pages. Any content remaining on KUROWSKI's Web Pages and Kurowski's Reporter Facebook Pages at the time they are conveyed to the Plaintiffs shall be the property of the Plaintiffs.

To facilitate this process, ECW will have its information technology consultant available to assist in the transfer of the various web pages. KUROWSKI further agrees that she will cooperate with Brandon Bernicky, President of Nextsulting LLC, to transfer KUROWSKI's Web Pages and Kurowski's Reporter Facebook Pages to Plaintiffs. Mr. Bernicky may be contacted by e-mail at bbernicky@nextsulting.com.

4.      <u>Removal of Content from GoFund Me</u>. KUROWSKI also owns and maintains a GoFundMe page located at https://www.gofundme.com/f/Fight-for-Illinois-Democracy referencing Plaintiffs. KUROWSKI shall be entitled to retain ownership and control of said GoFundMe page and shall not be required to convey ownership of that page to the Plaintiffs. However, KUROWSKI shall delete, redact and scrub any reference to the Plaintiffs from the GoFundMe page and shall not thereafter publish anything about Plaintiffs, or any of them, on that site or any other site.

5.      <u>Removal of Content from Bolingbrook Reporter Facebook Page</u>. KUROWSKI also owns and maintains a private Facebook group designated as the "Bolingbrook Reporter". KUROWSKI shall be entitled to retain ownership and control of said Bolingbrook Reporter group page and shall not be required to convey ownership of that page to the Plaintiffs. However, KUROWSKI shall delete, redact and scrub any reference to the Plaintiffs from the Bolingbrook Reporter group page and shall not thereafter publish anything about Plaintiffs, or any of them, on

Initials _____ (BK)

3

that site or any other site. Furthermore, KUROWSKI shall not convert the private Facebook group into a public page on Facebook.

6. <u>KUROWSKI Facebook Pages</u>. KUROWSKI owns a number of personal Facebook pages under her own name or under one or more aliases. KUROWSKI shall be entitled to retain ownership and control of her personal Facebook Pages and shall not be required to convey ownership or control of those pages to the Plaintiffs. However, KUROWSKI shall delete, redact and scrub any reference to the Plaintiffs from her personal Facebook pages and shall not thereafter publish anything about Plaintiffs, or any of them, on that site.

7. <u>KUROWSKI's other Retractions</u>. Within seven (7) days of the date of execution of this Agreement, KUROWSKI shall take action to cause the removal of those posts and responsive comments made on third party websites concerning ECW, Kraft, Allen or Benford (the "Third Party Content") specifically identified in Exhibit "B" attached hereto and incorporated herein.

For purposes of this Agreement, the term "take action to cause the removal of" means the following:

A. With respect to any webpages, services or ISPs owned or controlled by KUROWSKI, KUROWSKI shall be required to personally delete the specifically identified Third Party Content from those source(s).

B. With respect to any posts made by KUROWSKI over which she retains editorial control (meaning that she can directly alter or remove the content), KUROWSKI shall be required to personally delete the specifically identified Third Party Content from the source(s).

C. With respect to any posts made on a webpage, service or ISP over which KUROWSKI exercises no control and no ability to modify or edit content, KUROWSKI shall contact the host of that webpage, service or ISP through a reasonable means of communication (e-mail and/or U.S. mail) and shall request that they remove the specifically identifies Third Party Content.

D. If requested by one or more of the Plaintiffs, KUROWSKI shall join in any request that the Plaintiffs, or any of them, may direct to a webpage, service or ISP hosting the Third Party Content in an effort to have the content removed.

8. <u>Agreement not to Make Statements Concerning any of the Plaintiffs.</u>

As a material term of this Agreement, KUROWSKI agrees that she will not publish any statement concerning the Plaintiffs or any commentary concerning this Agreement after the Effective Date. KUROWSKI further agrees that she will not circumvent the terms of this Agreement by using agents or third parties to make any statements prohibited by this Agreement. In furtherance of this paragraph, KUROWSKI agrees that she will not create any new web pages or create any electronic medium or communication where the content concerns any of the Plaintiffs. This covenant shall survive the dismissal of the above-captioned litigation.

4

Initials  (BK)

9.  <u>Liquidated Damages for Non-performance.</u> In paragraph 8 of this Agreement, KUROWSKI has entered into a covenant not to post any content concerning the Plaintiffs after the Effective Date. KUROWSKI agrees that, in the event of a breach of the covenant set forth in paragraph 8 of this Agreement by KUROWSKI, the specific money damages would be impossible to determine or would otherwise be difficult to ascertain, Accordingly, KUROWSKI agrees to pay as liquidated damages, to each Plaintiff affected by the breach, the sum of $50,000.00 per occurrence. In addition to the liquidated damages provided for under this Agreement, any Plaintiff affected by KUROWSKI's breach shall be entitled to collect his, her or its reasonable attorney fees and expenses incurred in litigating such a claim. This liquidated damage clause is specifically designed to compensate Plaintiffs for KUROWSKI's intentional willful torts against Plaintiffs as well as facilitating the objective of this Agreement. This liquidated damage clause of this Agreement is exempt from discharge pursuant to Section 523 of the United States Bankruptcy Code for the reasons set forth herein. Likewise, KUROWSKI agrees irrevocably to any petition of Allen, Benford, Kraft or ECW for relief from any automatic stay from any subsequent bankruptcy filing for the purpose of enforcing this liquidated damage provision. KUROWSKI agrees that the liquidated damages provision of this Agreement is directly causally related to her intentional, willful conduct that has caused Plaintiffs an actual injury. Statements Concerning Resolution of Litigation.

Notwithstanding anything to the contrary, KUROWSKI shall be entitled to inform third parties that this litigation was "resolved by agreement" or words to that effect. In making this disclosure, KUROWSKI may reference the Plaintiffs by name and such reference shall not be considered a breach of this Agreement nor shall Plaintiffs be entitled to damages (including liquidated damages) as a consequence of such disclosure.

10.  <u>Attorney's Fees and Costs.</u> Each party shall bear their own attorney's fees and costs in the above-captioned litigation. The Plaintiffs expressly acknowledge that all potential attorney fees, costs, sanction claims and expenses that may otherwise have been claimed or pursued for any federal or state statutes, under Fed. Rule Civ. P. 54(d) or otherwise, in pursuit of the Litigation, are waived, discharged, and fully released pursuant to the releases provided for in this Agreement. Likewise, KUROWSKI expressly acknowledges that all potential attorney fees, costs, sanction claims and expenses that may otherwise have been claimed or pursued for any federal or state statutes, under Fed. Rule Civ. P. 54(d) or otherwise, in defense of the Litigation, are waived, discharged, and fully released pursuant to the releases provided for in this Agreement. KUROWSKI shall join in a motion to be filed with the United States District Court for the Middle District of Florida to vacate the order of January 11, 2023 (Docket #68) and to submit the attached order vacating the order of January 11, 2023.

11.  <u>Mutual General Releases.</u> In consideration of the foregoing, each of the Plaintiffs, for itself and themselves and on behalf of their respective assigns, attorneys, insurers, employees, shareholders, members, officers, agents, heirs, beneficiaries and legal representatives, do hereby release and discharge KUROWSKI, and her heirs and beneficiaries from any and all known and unknown claims, causes of action, alleged damages, losses, liens, liabilities, attorneys' fees, expenses and costs, from the beginning of time through the Effective Date of this Agreement, including but not limited to all damage claims as detailed in their written discovery responses, and all matters related to the Covered Claims, including any claims which could have been raised in

5



Initials_____

the above-styled action, on either a compulsory or permissive basis. Such releases shall be effective upon the receipt of KUROWSKI's performance required in this Agreement.

Attorneys Denise Ambroziak and Robert T. Hanlon in consideration of the apology attached hereto as Exhibit A, for themselves and on behalf of their respective assigns, attorneys, insurers, employees, shareholders, members, officers, agents, heirs, beneficiaries and legal representatives, do hereby release and discharge KUROWSKI, and her heirs and beneficiaries from any and all known and unknown claims, causes of action, alleged damages, losses, liens, liabilities, attorneys' fees, expenses and costs, from the beginning of time through the Effective Date of this Agreement, including but not limited to any damages or liability associated with the matters which are the subject of the Apology attached as Exhibit "A" to this Agreement. Execution of this Agreement by Attorneys Ambroziak and Hanlon are a condition precedent to KUROWSKI's obligation to perform under this Agreement and for her covenant and release.

In consideration of the foregoing recitals and other recitals, KUROWSKI for herself and on behalf of her respective assigns, attorneys, insurers, employees, agents, heirs, beneficiaries and legal representatives, does hereby release and discharge each of the Plaintiffs and each of their heirs and beneficiaries, from any and all known and unknown claims, causes of action, alleged damages, losses, liens, liabilities, attorneys' fees, expenses and costs, from the beginning of time through the Effective Date of this Agreement, including but not limited to any counterclaims or set-offs which could have asserted herein on either a compulsory or permissive basis.

12. <u>No Other Relief</u>.   Plaintiffs shall recover no monetary damages under this Agreement other than the liquidated damages which may be awarded in the event of a future breach by KUROWSKI. Other than the specific rights and remedies provided by this Settlement Agreement, neither party shall be entitled to any relief from the above-captioned litigation. There are no third party beneficiaries to this Agreement.

13. <u>Dismissal with prejudice</u>.  Within five (5) business days after the last to occur of these performance items:

(a)     Tender of the apology required under paragraph 2;

(b)     Assignment of the KUROWSKI's Web Pages and Kurowski's Reporter Facebook Pages required under paragraph 3;

(c)     Removal of the content from https://www.gofundme.com/f/Fight-for-Illinois-Democracy required under paragraph 4;

(d)     Removal of the content from KUROWSKI's personal Facebook pages and the Bolingbrook Reporter group page required under paragraphs 5 and 6; and

(e)     Removal of specifically identified content from third party webpages as required under paragraph 6 and Exhibit B

Parties' counsel shall execute and submit the attached Stipulation for Dismissal, dismissing the claims of the Third Amended Complaint, with prejudice, pursuant to this Agreement and Federal

6



Initial _____ (LK)

Rule of Civil Procedure 41(a)(1)(A). The parties anticipate that the Court will then enter a dismissal order on that Stipulation, substantially in the form attached hereto.  To the extent that the Court objects to the entry of any order called for in this Agreement, the respective parties' counsel shall work together to resolve such differences with the Court in order to secure the dismissal with prejudice of Plaintiffs' claims.

14.　　Force Majeure; Acts of God. In the event that any Party shall be delayed or hindered in or prevented from doing or performing any act or thing required hereunder by reason of strikes, lockouts, weather conditions, breakdowns, accidents, casualties, acts of God, labor troubles, delays in performance by contractors, inability to procure materials, inability by the exercise of reasonable diligence to obtain supplies, parts, employees or necessary services, failure of power, governmental laws, orders or regulations, actions of governmental authorities, riots, insurrection, war or other causes beyond the reasonable control of such party or for any cause not due to any act or neglect of the Party or its servants, agents, employees, licensees, or any person claiming by, through or under such Party ("Force Majeure"), then such Party shall not be liable or responsible for any such delays, and the doing and performing of such act or thing shall be excused for the period of the delay and the period for the performance of any such act shall be extended for a period equivalent to the period of such delay.

15.　　Entire Agreement. This Agreement is the entire agreement between the Parties, and this Agreement supersedes and replaces all prior written, oral, and other agreements between the Parties, with respect to the subject matter set forth herein. There are no oral statements, representations, warranties, undertakings, or collateral agreements between the Parties modifying or affecting the terms of this Agreement. This Agreement may only be modified or amended in writing executed by the Parties.

16.　　Counterparts; Signatures. This Agreement may be executed in counterparts, each of which when so executed shall be, and be deemed to be, an original instrument and such counterparts together shall constitute the same instrument. Signatures of the Parties' may be transmitted via facsimile or photostatic means, or in .pdf format, and any such signature shall be deemed to be an original signature for enforcement and all other purposes.

17.　　Draftsmanship.  In the event of any ambiguity in or dispute regarding the interpretation of this Agreement and the terms set forth herein, this Agreement shall not be construed against any Party, all of whom shall be deemed to have drafted this Agreement.

18.　　Governing Law.  The Parties agree that this Agreement shall be governed and construed by the laws of the State of Florida, and that jurisdiction and venue for any dispute arising between and among the settling parties under this Agreement is the United States District Court for the Middle District of Florida, Ocala Division.

**SIGNATURES on Following Page:**

Initials_____: (BK)

7

**Agreed to and executed by:**

Edgar County Watchdogs, Inc.

_____

By: its Authorized Representative                    Date:  February     , 2023


_____

Kirk Allen, Plaintiff                               Date:  February     , 2023


_____

Alyssia Benford, Plaintiff                          Date:  February     , 2023


_____

John Kraft, Plaintiff                               Date:  February     , 2023

                                                    Date:  February   , 2023
_____

Robert T. Hanlon, Attorney


_____                Date:  February  ,2023

Denise Ambroziak, Attorney


_____

Bonnie Kurowski, Defendant                          Date:  February     , 2023

8

Initials_____. (BK)

**Agreed to and executed by:**

Edgar County Watchdogs, Inc.

_____ John Kraft
By: its Authorized Representative                    Date: February 10, 2023

_____
Kirk Allen, Plaintiff                               Date: February    , 2023

_____
Alyssia Benford, Plaintiff                          Date: February    , 2023

_____ John Kraft
John Kraft, Plaintiff                               Date: February 10 2023

                                                    Date: February    , 2023
_____
Robert T. Hanlon, Attorney

                                                    Date: February ,2023
_____
Denise Ambroziak, Attorney

_____
Bonnie Kurowski, Defendant                          Date: February    , 2023

8

Initials_____. (BK)

**Agreed to and executed by:**

Edgar County Watchdogs, Inc.

_____
By: its Authorized Representative                            Date: February      , 2023

_____
Kirk Allen, Plaintiff                                                  Date: February      , 2023

_____
Alyssia Behford, Plaintiff                                          Date: February      , 2023

_____
John Kraft, Plaintiff                                                 Date: February      , 2023

_____
Robert T. Hanlon, Attorney                                      Date: February   , 2023

_____
Denise Ambroziak, Attorney                                     Date: February  ,2023

_____
Bonnie Kurowski, Defendant                                     Date: February      , 2023

Initials_____. (BK)                                 8

**Agreed to and executed by:**

Edgar County Watchdogs, Inc.

_____ John Kraft
By: its Authorized Representative                    Date: February 10, 2023

_____
Kirk Allen, Plaintiff                                Date: February ___, 2023

_____
Alyssia Benford, Plaintiff                           Date: February ___, 2023

_____ John Kraft
John Kraft, Plaintiff                                Date: February 10, 2023

_____
Robert T. Hanlon, Attorney                           Date: February ___, 2023

_____
Denise Ambroziak, Attorney                           Date: February ___, 2023

_____
Bonnie Kurowski, Defendant                           Date: February ___, 2023

8

**EXHIBIT A**
**APOLOGY LETTER**

I, Bonnie Kurowski, the undersigned, express my sincerest apology to Kirk Allen, John Kraft, Alyssia Benford and Edgar County Watchdogs, Inc. (Collectively "Plaintiffs"). I apologize for the numerous false statements I made about each of them. I acknowledge that the false statements I made about Plaintiffs rise to the level of constitutional malice and were intended to harm their reputations. I am woefully sorry for any injury to their reputations that I may have caused.

I made a number of specific false statements about one or more of the Plaintiffs for which I apologize here. I apologize for stating that any of them were guilty of any crime as I have no knowledge that any of the Plaintiffs was convicted of any felony, misdemeanor, or crime involving dishonesty. Nor do I have any knowledge that any of them have been or are subject to any investigation by any governmental authority. I have no knowledge of any fact that Kirk Allen, John Kraft, Alyssia Benford or Edgar County Watchdogs, Inc. engaged in any criminal act involving Racketeering and stalking. I knew at the time that I alleged Plaintiffs were engaged in racketeering and stalking that none of the Plaintiffs were engaged in any criminal conduct. I further apologize to each of the Plaintiffs for suggesting that Kirk Allen John Kraft, Alyssia Benford, Denise Ambroziak or Robert Hanlon engaged in acts of adultery. I have no knowledge that Kirk Allen, John Kraft, Alyssia Benford, Denise Ambroziak or Robert Hanlon engaged in any act that would constitute adultery. I further apologize for stating Alyssia Benford charged Algonquin Township Road District for audits not completed. I knew at the time that I alleged Alyssia Benford had charged Algonquin Township Road District for an audit not performed that it was not true. I apologize for stating that Kirk Allen, John Kraft, Alyssia Benford or Edgar County Watchdogs, Inc. were engaged in acts of domestic terrorism or acts of stochastic terrorism. I have no knowledge of any fact that Kirk Allen, John Kraft, Alyssia Benford or Edgar County Watchdogs, Inc. engaged in any act of domestic terrorism or stochastic terrorism. I apologize for asking the Southern Poverty Law Center to list Plaintiffs as a hate group or participants in a hate group. I have no knowledge that any of the Plaintiffs engaged in any act that would constitute acting as a hate group nor any knowledge any of them participated in a hate group. I apologize for reposting an image of a noose and a picture of a confederate flag which a third party published in regard to Alyssia Benford. I apologize to Alyssia Benford for falsely stating that Alyssia Benford improperly disclosed records of DuPage Township. I apologize for having stated that any of the Plaintiffs made false statements about me. I have no knowledge that any of the plaintiffs published any false statement about me and to the extent that I expressed to any other person that any article published by any of them was false that was itself a false statement. I apologize for claiming that Kirk Allen or John Kraft, were involved in the DC siege (or insurgency) of January 6, 2021 at the United States Capitol building. I further acknowledge that I have no knowledge that Kirk Allen, John Kraft, Alyssia Benford or Edgar County Watchdogs, Inc. engaged in any act related to what has become to be known as the January 6th Insurgency at the United States Capitol building. I have no knowledge or information that any persons other than Kirk Allen and John Kraft are responsible for publishing the Edgar County Watchdog Inc.'s publication "Illinois Leaks" or that any other person authors the reports which appear in that publication. I apologize for alleging Plaintiffs Allen, Kraft and Benford entered the Calumet City offices unlawfully and destroyed documents. I apologize for falsely claiming Alyssia Benford participated in a robbery at the Calumet City Hall. I apologize for falsely claiming Alyssia Benford engaged in severe bullying of

9

Calumet City employees. At the time I made the statements concerning Calumet City, I knew that the statements I made were not true. I apologize for making false statements referring to Alyssia Benford as a highly paid call girl. I apologize for contacting, emailing and texting false information to Alyssia Benford's clients in an effort to damage her business relationships.

I am sorry for the malicious manner in which I published false statements concerning Kirk Allen, John Kraft, Alyssia Benford and Edgar County Watchdogs, Inc. I was wrong to intentionally malign their reputations and I am woefully sorry for having engaged in this wrongful intentional conduct.

_____
Bonnie Kurowski

10

Initials_____. (BK)

## <u>EXHIBIT B (List of Third Party Web sites)</u>

PRLOG.ORG

Facebook page Guardians of Wesley Township

Fight Against Extremism

Initials_____. (BK)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**EDGAR COUNTY WATCHDOGS, INC.,**
**KIRK ALEN, JOHN KRAFT,** and
**ALYSSIA BENFORD**,

                                           CASE NO.:  5:21-cv-302-JSM-PRL

    Plaintiffs,

v.

**BONNIE KUROWSKI,**

    Defendant.

                                               /

### **STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiffs, EDGAR COUNTY WATCHDOGS, INC., KIRK ALEN, JOHN

KRAFT, and ALYSSIA BENFORD, pursuant to Rule 41(a)(1)(A)(ii) of the Federal

Rules of Civil Procedure, hereby file this Stipulation of Dismissal with Prejudice.

The Parties have resolved the dispute between them.

Dated: February __, 2023.

                                      Law Offices of Robert T. Hanlon &
                                      Associates, P.C.

                                      _/s/_
                                      ROBERT T. HANLON, Esquire
                                      131 East Calhoun Street
                                      Woodstock, IL  60098
                                      (815) 206-2200
                                      robert@robhanlonlaw.com
                                      *Attorney for Plaintiffs*

12

Initials_____. (BK)

**Joinder and Consent by Defendant's Counsel:**

Dated: February __, 2023.

> BENJAMIN, AARONSON, EDINGER & PATANZO, P.A.
>
>   /s/
>   _____
>   GARY S. EDINGER, Esquire
>   Florida Bar No.: 0606812
>   305 N.E. 1st Street
>   Gainesville, Florida 32601
>   (352) 338-4440/ 337-0696 (Fax)
>   GSEdinger12@gmail.com
>   *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February __, 2023, a copy of the foregoing was served electronically, through the Clerk of the Court by using the CM/ECF system, to the party on the service list below.

>   /s/
>   _____
>   ROBERT T. HANLON, Esquire

## SERVICE LIST

BENJAMIN, AARONSON, EDINGER
& PATANZO, P.A.
Gary S. Edinger, Esquire
305 N.E. 1st Street
Gainesville, Florida 32601
GSEdinger12@gmail.com

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**EDGAR COUNTY WATCHDOGS, INC.,
KIRK ALEN, JOHN KRAFT,** and
**ALYSSIA BENFORD**,

                                   CASE NO.: 5:21-cv-302-JSM-PRL

    Plaintiffs,

v.

**BONNIE KUROWSKI,**

    Defendant.

_____/

## <u>STIPULATION TO VACATE SANCTION ORDER</u>

COME NOW the Plaintiffs, EDGAR COUNTY WATCHDOGS, INC., KIRK ALEN, JOHN KRAFT, and ALYSSIA BENFORD, and the Defendant, BONNIE KUROWSKI, by and through their undersigned attorneys, and jointly move this Court to vacate the sanction Order entered on January 11, 2023 (Doc. 68), and say:

1.    In January 11, 2023, this Court entered an Order (Doc. 68) awarding Defendant attorney's fees associated with a discovery dispute.

2.    The parties have entered into a settlement agreement which provides that each party is to bear their own attorney's fees and costs in this action and specifically disclaims the payment of any attorney's fees to Plaintiff associated with the January 11, 2023 Order.

14

Initials_____. (BK)

Wherefore, in furtherance of that settlement agreement, the parties move this Court to vacate the Order January 11, 2023 Order (Doc. 68) so that Plaintiffs are not liable to pay any attorney's fees or costs to the Defendant.

DATED: February ___, 2023.

BENJAMIN, AARONSON,                    Law Offices of Robert T. Hanlon &
EDINGER & PATANZO, P.A.                 Associates, P.C.


/s/                                     /s/
GARY S. EDINGER, Esquire                 ROBERT T. HANLON, Esquire
Florida Bar No.: 0606812                 131 East Calhoun Street
305 N.E. 1st Street                      Woodstock, IL  60098
Gainesville, Florida 32601               (815) 206-2200
(352) 338-4440/ 337-0696 (Fax)           robert@robhanlonlaw.com
GSEdinger12@gmail.com                    *Attorney for Plaintiffs*
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February ___, 2023, a copy of the foregoing was served electronically, through the Clerk of the Court by using the CM/ECF system, to the party on the service list below.


/s/
ROBERT T. HANLON, Esquire

15

## <u>SERVICE LIST</u>

BENJAMIN, AARONSON, EDINGER
& PATANZO, P.A.
Gary S. Edinger, Esquire
305 N.E. 1st Street
Gainesville, Florida 32601
GSEdinger12@gmail.com

16

## APOLOGY LETTER

I, Bonnie Kurowski, the undersigned, express my sincerest apology to Kirk Allen, John Kraft, Alyssia Benford and Edgar County Watchdogs, Inc. (Collectively "Plaintiffs"). I apologize for the numerous false statements I made about each of them.  I acknowledge that the false statements I made about Plaintiffs rise to the level of constitutional malice and were intended to harm their reputations. I am woefully sorry for any injury to their reputations that I may have caused.

I made a number of specific false statements about one or more of the Plaintiffs for which I apologize here. I apologize for stating that any of them were guilty of any crime as I have no knowledge that any of the Plaintiffs was convicted of any felony, misdemeanor, or crime involving dishonesty.  Nor do I have any knowledge that any of them have been or are subject to any investigation by any governmental authority.  I have no knowledge of any fact that Kirk Allen, John Kraft, Alyssia Benford or Edgar County Watchdogs, Inc. engaged in any criminal act involving Racketeering and stalking.  I knew at the time that I alleged Plaintiffs were engaged in racketeering and stalking that none of the Plaintiffs were engaged in any criminal conduct.  I further apologize to each of the Plaintiffs for suggesting that Kirk Allen John Kraft, Alyssia Benford, Denise Ambroziak or Robert Hanlon engaged in acts of adultery.  I have no knowledge that Kirk Allen, John Kraft, Alyssia Benford, Denise Ambroziak or Robert Hanlon engaged in any act that would constitute adultery.  I further apologize for stating Alyssia Benford charged Algonquin Township Road District for audits not completed.  I knew at the time that I alleged Alyssia Benford had charged Algonquin Township Road District for an audit not performed that it was not true.  I apologize for stating that Kirk Allen, John Kraft, Alyssia Benford or Edgar County Watchdogs, Inc. were engaged in acts of domestic terrorism or acts of stochastic terrorism. I have no knowledge of any fact that Kirk Allen, John Kraft, Alyssia Benford or Edgar County Watchdogs, Inc. engaged in any act of domestic terrorism or stochastic terrorism.  I apologize for asking the Southern Poverty Law Center to list Plaintiffs as a hate group or participants in a hate group.  I have no knowledge that any of the Plaintiffs engaged in any act that would constitute acting as a hate group nor any knowledge any of them participated in a hate group.  I apologize for reposting an image of a noose and a picture of a confederate flag which a third party published in regard to Alyssia Benford. I apologize to Alyssia Benford for falsely stating that Alyssia Benford improperly disclosed records of DuPage Township.  I apologize for having stated that any of the Plaintiffs made false statements about me.  I have no knowledge that any of the plaintiffs published any false statement about me and to the extent that I expressed to any other person that any article published by any of them was false that was itself a false statement.  I apologize for claiming that Kirk Allen or John Kraft, were involved in the DC siege (or insurgency) of January 6, 2021 at the United States Capitol building.  I further acknowledge that I have no knowledge that Kirk Allen, John Kraft, Alyssia Benford or Edgar County Watchdogs, Inc. engaged in any act related to what has become to be known as the January 6th Insurgency at the United States Capitol building.  I have no knowledge or information that any persons other than Kirk Allen and John Kraft are responsible for publishing the Edgar County Watchdog Inc.'s publication "Illinois Leaks" or that any other person authors the reports which appear in that publication. I apologize for alleging Plaintiffs Allen, Kraft and Benford entered the Calumet City offices unlawfully and destroyed documents. I apologize for falsely claiming Alyssia Benford participated in a robbery at the Calumet City Hall. I apologize for falsely claiming Alyssia Benford engaged in severe bullying of Calumet City employees.  At the time I made the statements concerning Calumet City, I knew that

1

the statements I made were not true. I apologize for making false statements referring to Alyssia Benford as a highly paid call girl. I apologize for contacting, emailing and texting false information to Alyssia Benford's clients in an effort to damage her business relationships.

I am sorry for the malicious manner in which I published false statements concerning Kirk Allen, John Kraft, Alyssia Benford and Edgar County Watchdogs, Inc. I was wrong to intentionally malign their reputations and I am woefully sorry for having engaged in this wrongful intentional conduct.

_____
Bonnie Kurowski

2